Ronald A. CONDOS and Arlys K. Condos, Appellants (Plaintiffs and Counter-Defendants),

v.

William Ernest TRAPP and Deborah Gaye Trapp, Appellees (Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs),

v.

Paul A. GRANGER and Rosalind J. Granger, husband and wife, John D. Lettz and Bonnie Lettz, husband and wife, Jerry A. Wilson and Susan J. Wilson, husband and wife, Waldo A. Ballhorn and Lavonne M. Ballhorn, husband and wife (Third-Party Defendants).

No. 84–62.

Supreme Court of Wyoming.

June 30, 1987.

Robert W. Brown of Lonabaugh & Riggs, Sheridan, for appellants.

Robert W. Koester, Sheridan, for appellees.

Michael K. Shoumaker, Sheridan, for third-party defendants Lettzes and Wilsons; submitted on original brief.

Before THOMAS, CARDINE, URBIGKIT and MACY, JJ., and RAPER, J., Ret.

THOMAS, J., filed a dissenting opinion in which RAPER, J., Ret., joined.

CARDINE, Justice.

This case involves a determination of who among six purchasers of adjoining tracts of land will suffer a loss of 28.8 feet of land. Appellant Condos received title by warranty deed to a tract of land that conflicted with no one. Yet, in *Condos v. Trapp*, Wyo., 717 P.2d 827 (1986), we decided that the 28.8 foot land deficiency should be adjusted so as to charge it to appellant Condos and third-party defendants Lettz and Wilson. This appeal is from a rehearing of that case. We reverse the prior decision.

This litigation began with the filing of a complaint by Condos against Trapp seeking judgment for the delivery of possession of the 28.8 feet in dispute which Trapp had entered and possessed. Trapp answered and filed a third-party complaint against all of the parties owning property involved, including the Ballhorns. Subsequently Ballhorns were dismissed from the litigation upon stipulation. It must have been obvious that the Ballhorn tract was the only land with which Trapps were in conflict and that with Ballhorns in the litigation Trapps had little chance of success.

The issue presented for our review is whether, applying the recording act, § 34–1–120, W.S.1977, to the facts of this case, the 28.8 foot land deficiency should be taken from the Condos tract of land.

It is claimed that this issue was not presented to the trial court nor on appeal to this court and therefore should not be considered by us. It is abundantly clear that our recording statute, § 34–1–120, W.S. 1977, infra, was the basis of the court's decision in this case; it was before the trial court, relied upon by the trial court, and again was presented to this court on appeal. Thus, in the summary judgment entered, the trial court stated:

> "After hearing the arguments of counsel, the Court found that W.S. § 34–1–120 applied and that the Hammonds, and thus the Lettzes and the Wilsons, were the last grantees."

In the docketing statement filed in this court by appellant Condos listing "questions presented on appeal," it is stated as follows:

> "2: Does W.S. Section 34–1–120 apply as between grantees to adjacent parcels of real estate, the legal descriptions of which do not conflict?"

Appellant Condos, in his brief at page 10, states:

> "In this case, the Court should restrict the application and effect of the Wyoming Recording Statute only to those situations specified in the statute. The Wyoming Recording Statute applies only in situations in which the same real estate or a portion of the same real estate

is conveyed to two different Grantees. The recording statute should not be used to determine who is the last Grantee among several Grantees who received parcels of real estate, the legal descriptions of which do not conflict.

> "* * * [T]he legal descriptions of the Condos and Trapp parcels do not conflict in any manner. Thus, the Wyoming Recording Statute, W.S. § 34–1–120, is not applicable in the dispute between Condoses and Trapps. Nor does it apply in the dispute between Trapps, Lettzes and Wilsons (successors to Hammonds), since the descriptions to their real property do not conflict with the description of the Trapp real property."

Finally, in listing issues presented on appeal, appellant in his brief contends that the recording statute does not apply to determine the last grantee because there was no conveyance of the same real estate and therefore,

> "[w]here the last grantee of a portion of subdivided real property must bear any deficiency, the last grantee is the person to receive a deed, not the last person to record his deed."

The trial court's decision, according to the court's own statement, involved the application of our recording act, § 34–1–120, W.S.1977, infra. The issue presented throughout this entire case was whether the act was correctly applied to the undisputed facts of this case. In *Praetorians v. Redmon*, 132 Tex. 432, 123 S.W.2d 644 (1939), the intermediate appellate court declined to consider a claimed error that it stated was presented as a "mere abstraction [that] does not point out * * * the error committed" and that was "too generally complained of, disjunctively." On further appeal the court held that where the preliminary statement following the proposition, together with record reference, disclosed the question presented, the issue should have been considered. It is clear from this record that the issue which is dispositive of this case was clearly presented for our review. Here the pleadings, statements and the motions for summary judgment, statement of issues in the dock-

eting statement, judgment of the court, and appellant's brief, taken with the issues presented, disclose the basis of the court's decision and appellant's objection thereto. The issue is fairly before this court for review. Were it otherwise, however, and the issue of a correct application of § 34-1-120, W.S.1977, infra, was not properly presented for review, we would be inclined to hold the error in the application of the statute to be so fundamental as to require our review. *Sheldon v. Little*, 111 Vt. 301, 15 A.2d 574, 137 A.L.R. 1 (1940). To do otherwise and accept the trial court's application of § 34-1-120, infra, to these facts would wreak havoc upon the property law of this state. One could hold title to land that conflicted with no one and yet the title would not be safe.

The underlying facts of this case are adequately presented in the original opinion found at 717 P.2d 827. Additional facts are here presented for clarification only.

The following diagram illustrates the location and approximate size of the parcels of land concerned in this litigation, the 28.8 foot shortage along the southern boundary, and survey point of beginning for each parcel.

Tract 19 comprises all of the parcels of land shown in the diagram above. The survey point of beginning for the Hammond parcel was the SE corner of tract 19 (POB 1), and the parcel contained 436 feet of the southern boundary of tract 19. The Hammond parcel (1) did not conflict with any other lands either at the time of conveyance or at the time of this litigation.

The survey point of beginning for the Condos parcel was POB 2 which was 436 feet from the SE corner of tract 19. The Condos parcel contained 207 feet of the southern border and did not conflict with any other parcel either at the time of conveyance or at the time of this litigation.

The survey point of beginning for the Ballhorn parcel was the NW corner of tract 19, and this parcel contained the west 288.8 feet of the southern boundary of tract 19. The Ballhorn parcel did not, at the time of conveyance or at the time of recording, conflict with any other parcel.

The survey point of beginning for the Trapp parcel was POB 3 which was 643 feet west of the SE corner of tract 19. The Trapp parcel contained 297.45 feet of the southern boundary of tract 19. The Trapp parcel overlapped 28.8 feet of the Ballhorn parcel as shown by the diagram's cross-shatched area both at the time of conveyance and at the time of recording.

In entering summary judgment, the trial court held that the last to record was Hammond; and, therefore, his grantees,

Lettzes and Wilsons, must suffer the loss. In so holding, the court relied upon our recording act, § 34–1–120, W.S.1977, which provides:

> "Every conveyance of real estate within this state, hereafter made, which shall not be recorded as required by law, shall be void, as against any subsequent purchaser or purchasers in good faith and for a valuable consideration of *the same real estate or any portion thereof,* whose conveyance shall be first duly recorded." (Emphasis added.)

It is readily apparent that § 34–1–120 applies only to the Trapps and Ballhorns for they are the only parties to whom there was a conveyance "of the same real estate or any portion thereof * * *." As between Trapp, Condos, Lettz, and Wilson, there was not a conveyance of the same real estate. The conveyances to Condos, Hammond, Lettz and Wilson conflicted with no others, and they acquired good title against all the world without recording. That situation continues, at least until there might be a subsequent conveyance of interest created in the same land—something that has not occurred in this case. Accordingly, the lands of Condos, Lettz, Wilson and Hammond are not affected by the conveyance to Trapp; and they are not required to bear the burden of the 28.8 foot shortage.

· Reversed and remanded to enter judgment consistent with this opinion.

THOMAS J., filed a dissenting opinion in which RAPER, J., Retired, joined.

THOMAS, Justice, dissenting, with whom RAPER, Justice, Retired, joins.

I must dissent from the disposition of this case made by the new majority. The original majority opinion was an apt disposition of the case presented by the parties, and I would maintain that decision in effect. I could tolerate identifying the last grantee under a chronology of deed rule rather than a chronology of recording rule, although I still think it is appropriate to invoke the recording statute, § 34–1–120, W.S.1977. I am prompted to write this dissent, however, because I perceive the approach taken, by the dissenting justices initially and now by the new majority, as an unwarranted departure from the disciplined role of an appellate court. In the process the dissenting justices, and now the new majority, departed from the appropriate role of an appellate court as an arbiter and have become advocates for the Condoses.

In order to proceed rationally in appellate decision making, it always is necessary to identify the case to be decided. In this instance, should we decide the case which the parties presented to the trial court and this court, or, alternatively, is it appropriate to decide the different case which the dissenting justices and the new majority would have presented on behalf of the Condoses? The latter is the case which now is decided, and the rendering of that decision is a departure from appropriate rules with respect to appellate practice. In *Rossin v. Ward,* Wyo., 363 P.2d 919, at 921 (1961), this court adopted the following language:

> " ' * * * Parties cannot elect to try their causes on one theory in the lower court, and, when defeated on that line, assume a different position in the appellate court.' 4 C.J. 701."

That concept now is expressed in this way:

> "The general rule is that a person cannot try his case on one theory in the trial court and on another theory in a court of review, whether the result in the trial court is in his favor or against him; and this is the rule both in law and in equity. Another statement is that parties cannot elect to try their causes on one theory in the lower court, and, when defeated on that line, assume a different position in the appellate court, and hence a party is estopped to urge, on appeal or error, any error growing out of the trial, submission, or decision of the cause, or of any question therein, upon an incorrect theory, when such theory was of his own selection or when such theory was adopted by the trial court at his request. Under these circumstances, it is immaterial whether the theory on which the case was tried is right or wrong, or is improvident." (Footnotes omitted.) 5 C.J.S. *Ap-*

*peal and Error* § 1503, at 863–867 (1958).

It is quite clear that in this case the only issue presented to the district court was whether the last grantee should be identified as the last one to receive a deed or the last one to record that deed. The parties in the case, at the time it was decided, were all of the opinion that it was to be resolved by applying the last grantee rule. Those parties, including the Condoses, orally stipulated that the third-party complaint against the Ballhorns was to be dismissed with prejudice, and the transcript of the record demonstrates that that occurred prior to the decision in the case. The Summary Judgment which was entered was approved as to form by counsel for all parties. Pertinent portions of the Summary Judgment recite:

"The District Court heard arguments of all counsel. During oral argument, all counsel agreed that:

"1. The Grangers had executed warranty deeds to the Ballhorns, the Trapps, the Condoses, and Bert K. Hammond and Carol S. Hammond, hereinafter termed Hammonds.

"2. The Lettzes and Wilsons were successor in interest to the Hammonds.

"3. The warranty deeds executed by the Grangers were without reference to a plot or plan, and there was nothing in the deeds to indicate a purpose to divide the land in some definite proportion.

\*    \*    \*    \*    \*    \*

"7. There was a deficiency of 28.8 feet between the footage set forth in the warranty deeds and the footage revealed in the survey.

"8. The deficiency of 28.8 feet should be borne by the last grantee."

\*    \*    \*    \*    \*    \*

Despite the apologies made in the majority opinion, it is clear from the articulation of the issues in the appellants' brief that the appellants recognized that they were circumscribed in presenting their appeal by the way that the case had been presented to the district court. It is to be noted that the Ballhorns were not parties to the agree-

ment alluded to by the trial court in the Summary Judgment. The majority opinion at page 2 quotes the second issue stated by the appellants in their brief, but the contentions presented in the argument of that issue did not involve any resolution of a conflict between the land owned by the Trapps and the land owned by the Ballhorns.

The departure from the parties' lawsuit was first signaled in the dissenting opinion in *Condos v. Trapp*, Wyo., 717 P.2d 827, 832 (1986):

"In this case there are four deeds which are relevant."

That comment then is pursued by the first sentence in the new majority opinion:

"This case involves a determination of who among six purchasers of adjoining tracts of land will suffer a loss of 28.8 feet of land."

In passing I note that at the most there would be five purchasers, but the fact of the matter is that the determination had to be made, after the Ballhorns had been dismissed from the lawsuit, between the Condoses, the Trapps, and the Lettzes and Wilsons, the successors of the Hammonds. As the litigation was defined at that time, there were only three deeds in issue. Those were the deeds from the Grangers to the Condoses, the Trapps, and the Hammonds.

The new majority opinion quotes from appellants' brief the contention that the Wyoming recording statute has no application in this situation because it applies only in situations in which the same real estate or a portion of the same real estate is conveyed to different grantees. At the time that the common grantor sold the tracts to the Condoses, the Trapps, and the Hammonds, who later sold to the Lettzes and the Wilsons, he believed that he owned a tract 940.5 feet long. In fact, he only owned 911.7 feet. It is so plain that the common grantor, when he conveyed 28.8 more feet than he had, in some way conveyed the same real estate to more than one grantee, in this instance three grantees, that the failure of the new majority to understand that fact is surprising. Per-

haps I can illustrate in this way. If I were possessed of five oranges, and I then sold two oranges to A; two oranges to B; and two oranges to C, I must have sold the same orange to more than one person. In this instance the Grangers sold the same land to more than one person, and that is sufficient to invoke the provisions of the Wyoming recording statute, § 34–1–120, W.S.1977.

It was only after the Condoses had been educated by the original dissenting opinion that they felt free to attempt to expand the theory of this lawsuit in this appeal to include a contention that the dispute really should be resolved on the theory of a conflict in the description between the deed to the Trapps and the deed to the Ballhorns. I can see, for purposes of argument, that such a theory might well have been a good one to present in litigating the case in the district court. My point simply is that it was not presented to the district court; it was not presented to this court; and we have no business expanding the material facts to include that possibility.

It may be true that the theory adopted by the dissenting justices and the new majority is the one upon which the Condoses should have tried their case. They did not, and they knew from the outset that they could not, rely upon that theory in proceeding with this appeal. However deftly they may have attempted to insert it in the brief, the first articulation of the second issue was both apt and accurate and should be the basis for the court's disposition of the controversy. By presenting on behalf of the Condoses the theory from which the Condoses were foreclosed, the court has abandoned its role of impartial arbiter; has assumed the stance of an advocate on behalf of one of the parties to the disadvantage of the other parties; and has structured a jurisprudential aberration.

The opinion of the court first published should be maintained, and I dissent from the approach manifested by the new majority opinion.