STATE HIGHWAY COMMISSION OF
WYOMING, Appellant (Plaintiff),

v.

SHERIDAN–JOHNSON RURAL ELEC-
TRIFICATION ASSOCIATION,
Appellee (Defendant).

No. 89–77.

Supreme Court of Wyoming.

Dec. 18, 1989.

cost to the Commission. The district court found that the term "existing right-of-way" referred only to the sixty-six foot wide strip underlying U.S. Highway 16–14, and not to the parallel strip of land acquired by the Commission in 1954 for future improvements. Reasoning that the Commission could have expressly required relocation of all poles without cost if that was its intent, the court held that Sheridan–Johnson was not liable for the cost of relocating the utility poles from state property covered by the license, but outside the sixty-six foot strip.

We reverse, and direct summary judgment for the Commission as a matter of law.

As will be discussed, common law requires that public utilities bear the expense of removing and relocating their facilities placed along public roads when such relocation is in the public interest. This is an exercise of the police power of the state, which may be modified only by the legislature and cannot be waived by acts of state employees.

Sheridan–Johnson first obtained a license from the Commission to place its facilities—power lines, poles and down guys—on state lands used for highway purposes in June 1960. The license covered Sheridan–Johnson's poles located on the sixty-six foot wide strip on which Highway 14–16 was originally constructed, and on a parallel strip of land that the Commission acquired for future improvements from the Old Wyoming Railroad Company in 1954. It was granted by the Commission under authority of W.S.1957, § 1–791, "Right-of-way along public ways granted; permission necessary for new lines," which permits public utilities to place their poles, lines, or other facilities along state roads after obtaining permission from the Commission.[1]

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Lawrence A. Bobbitt, III, Sr. Asst. Atty. Gen., Cheyenne, for appellant.

Robert W. Conner, Jr., Sheridan, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant State Highway Commission of Wyoming (Commission) challenges an order dismissing its petition for declaratory relief against appellee Sheridan–Johnson Rural Electrification Association (Sheridan–Johnson), and granting summary judgment to Sheridan–Johnson. The Commission sought to establish that Sheridan–Johnson was responsible for the costs of relocating all of its power transmission facilities from state highway lands that it occupied under a 1972 license granted by the Commission. Condition No. 2 in that license states that any relocation of facilities within the existing right-of-way will be completed without

---

1. W.S.1957, § 1–791 stated:
   Corporations organized * * * for the purpose of constructing, maintaining and operating * * * electric transmission and distribution lines * * * are authorized to set their poles, piers, abutments, wires and other fixtures along, across or under any of the public roads, streets and waters of this state in such

manner as not to incommode the public in the use of such roads, streets and water; * * * no person or firm or corporation shall, for the purpose of commencing construction of any new * * * electric transmission and distribution lines, enter upon any such state highway * * * without first obtaining permis-

The parties entered another, nearly identical licensing agreement in March 1970.

As a result of a project upgrading its power lines, Sheridan–Johnson executed a third license with the Commission in June 1972. This license was on a new form which was worded somewhat differently from the two preceding licenses. Where the earlier licenses had been silent about the cost of relocation when it was required by the Commission, Condition No. 2 of the 1972 license stated:

Any future alteration or modification of the Facility within the existing right of way, required and requested by the Department, shall be completed without delay and without cost to the Department.

In February 1985, the Commission notified Sheridan–Johnson that it was proceeding with reconstruction of a section of U.S. Highway 14–16, that the project required relocation of a number of Sheridan–Johnson's power poles, and that Sheridan–Johnson would bear the cost of relocation of its facilities located in the public right-of-way. Sheridan–Johnson agreed that it was responsible for the cost of relocating the poles within the sixty-six foot strip of land underlying the highway. However, the utility argued that the poles on the adjacent land owned by the Commission were not within the "existing right-of-way," and as a consequence, the state should bear the expense of relocating them.

The parties were unable to agree on liability for relocation costs, but entered into an agreement for adjustment of facilities on August 6, 1987. This agreement provided that the Commission would advance the costs of relocating the power poles pending a resolution of the dispute, and would then seek a declaratory judgment that Sheridan–Johnson was responsible for those costs. The Commission filed its motion for declaratory relief on November 10, 1987, and the district court denied the motion and granted summary judgment for Sheridan–Johnson on February 17, 1989.

Summary judgment is proper when there is no genuine issue of material fact, and judgment for the prevailing party is correct as a matter of law. We apply our well-established standard of review, viewing the record and according inferences from the facts in a manner favorable to the party opposing the motion. *Case v. Goss*, 776 P.2d 188, 190–91 (Wyo.1989). In this instance we find that there is no issue of material fact, but that judgment for Sheridan–Johnson is incorrect as a matter of law.

The district court erred in focusing on the definition of "existing right-of-way." Even if the meaning assigned by the district court is correct,[2] the phrase in the 1972 license is no basis for granting Sheri-

---

sion from the state highway commission * * *.

The public way right-of-way statute is presently codified as W.S. 1–26–813 (June 1988 Repl.), in substantially similar language:

Corporations authorized to do business in this state for the purpose of constructing, maintaining and operating a public utility may set their fixtures and facilities along, across or under any of the public roads, streets and waters of this state in such manner as not to inconvenience the public in their use. * * * A person or firm must first obtain permission from the state highway commission * * * before entering upon any state highway * * * for the purpose of commencing construction.

**2.** It is not obvious to this court that the assigned meaning is correct. Neither "existing right-of-way" nor "right-of-way" appear to be terms of art. Regarding the sixty-six foot limitation, we note that W.S. 24–2–102 (Cum.Supp.1987) (previously codified as W.S.1957, § 24–37; W.S. 24–

2–109(a) (1977)), provides that highway rights-of-way may be up to three hundred feet wide, or wider where the right-of-way includes enumerated features such as deposits of roadbuilding materials, excavations or parking facilities. In addition, Sheridan–Johnson places emphasis on the meaning of "existing" and cites to its application in several cases. However, those cases concerned structures such as buildings and bridges, which were held not to be existing until they were completed. *See e.g., State ex rel. Saylor v. Walt*, 66 S.D. 14, 278 N.W. 12, 15 (1938). In contrast, highway right-of-way is a land status that inures when the land is acquired by the Commission for highway purposes. We explicitly recognized this in *State of Wyoming ex rel. State Highway Commission v. Meeker*, 75 Wyo. 210, 214, 294 P.2d 603, 604 (1956), where we said, "[t]he State Highway Commission did not immediately take possession of the right of way thus acquired, but did let a contract for the construction of a highway over and along the acquired right of way * * *."

dan–Johnson a windfall where there has been no legislative modification of the common law rule that utilities shall bear the expense of relocating their facilities placed along public roads. This rule is an expression of the state's police power, and it is beyond the authority of state employees to enter an agreement which compromises reasonable exercise of the police power unless they are authorized to do so by statute. As a result, even if "existing right-of-way" is something less than the public way covered by the license, the Commission is still not responsible for Sheridan–Johnson's relocation expenses.[3]

■ The common law requires that utilities pay the cost of removing and relocating their facilities placed upon public highways when necessitated by highway improvements. *New Orleans Gaslight Co. v. Drainage Commission of New Orleans*, 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831 (1905); *State Road Commission of Utah v. Utah Power & Light Company*, 10 Utah 2d. 333, 336, 353 P.2d 171, 173 (1960). We have often said that the common law remains the law in Wyoming unless it is set aside by statute, *Condos v. Trapp*, 717 P.2d 827, 831 (Wyo.1986), *on rehearing* 739 P.2d 749 (Wyo.1987), and this rule of law concerning relocation and expense of relocation has not been annulled or modified by any Wyoming statute. Other jurisdictions have made similar statements about the application of common law while addressing utility relocation costs, holding that only an express statute will shift the burden to the state. *State of Arizona ex rel. Herman v. Electrical District No. 2 of*

*Pinal County*, 12 Ariz.App. 222, 469 P.2d 114, 117 (1970).[4]

■ We have consistently said that our statutes will be read in harmony with the common law. *Wetering v. Eisele*, 682 P.2d 1055, 1061 (Wyo.1984). In this light it is apparent that the "in such manner as not to incommode the public in the use of such roads * * *" language in W.S.1957, § 1–791[5] expresses only the limited user granted by common law. A utility may not inconvenience the traveling public by either the location of its facilities in the public way, or with the expense of removing and relocating those facilities, should that be required by the public interest.

■ The common law rule requiring removal and relocation at the utilities' expense is an expression of the police power of the state. *Utah Power & Light*, 10 Utah 2d at 340, 353 P.2d at 176; *Washington Natural Gas*, 373 P.2d at 135. We have described the police power as "a government's ability to regulate private activities and property usage *without compensation* as a means of promoting the public health, safety, morals and general welfare." (emphasis added). *Cheyenne Airport Board v. Rogers*, 707 P.2d 717, 726 (Wyo.1985). Police powers are an essential attribute of the state as sovereign and cannot be bargained or contracted away. *New Orleans Gaslight*, 197 U.S. at 460, 25 S.Ct. at 413, 49 L.Ed. at 835; *State Highway Commission v. Clackamas Water District*, 247 Or. 216, 428 P.2d 395, 397 (1967); *City of Paris v. Paris–Henry County Public Utilities District*, 207 Tenn. 388, 340 S.W.2d 885, 888 (1960). Consequently,

---

3. The district court based its decision on the Commission's failure to expressly require that Sheridan–Johnson bear the relocation expenses for its facilities on the lands it found outside the existing right-of-way. We have said, however, that principles of law are implied terms in any agreement, even where there are apparently contrary terms present. *Black & Yates, Inc. v. Negros–Philippine Lumber Co.*, 32 Wyo. 248, 258, 231 P. 398, 401 (1924).

4. The Commission argues that requiring the state to pay the relocation costs would violate Wyo. Const. art. 16, § 6, which prohibits donations of public funds to private enterprises. As

is our practice when a case may be resolved on other grounds, we do not address the constitutional issue. *KN Energy, Inc. v. City of Casper*, 755 P.2d 207, 210 (Wyo.1988).

Although the same argument has been made against statutes which shift the cost of relocation in states with similar constitutional provisions, the majority of state courts considering this question have found such statutes constitutional. *Utah Power & Light*, 10 Utah 2d. at 336–39, 353 P.2d at 173–75.

5. W.S. 1–26–813 uses the phrasing "in such manner as not to inconvenience the public in their use."

even if the district court were correct regarding the intent of the Commission, any attempt to limit the police power by agreement is invalid because it is beyond the authority of state employees to do so. Sheridan–Johnson cannot rely on the district court's interpretation of the license language where that interpretation compromises reasonable exercise of the police power. Only the legislature may authorize reimbursement for utility relocation. *Utah Power & Light,* 10 Utah 2d. at 340, 353 P.2d at 176.

■■■■ Sheridan–Johnson claims that it relied to its detriment on the license language, and argues that equitable estoppel should be applied to compel the state to pay the relocation costs. The utility contends that estoppel is available where it was misled, and the state was acting in a proprietary capacity in managing the lands in dispute. This claim fails for two reasons. First, because management of lands for highway purposes concerns the welfare of the public at large and is undertaken at the direction of the legislature, it is a governmental rather than proprietary function. *Biscar v. University of Wyoming Board of Trustees,* 605 P.2d 374, 376 (Wyo.1980). Estoppel does not apply to governmental or sovereign functions, especially where it would defeat the public interest. *Big Piney Oil & Gas v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557, 560 (Wyo.1986). Second, the state may not be estopped for the unauthorized acts or errors of its officers or employees. *State ex rel. Cartwright v. Tidmore,* 674 P.2d 14, 17 (Okl.1983). *See also Big Piney Oil & Gas,* 715 P.2d at 560. Even if the license was intended as interpreted by the district court, the state is not estopped by the unauthorized actions of the employees who prepared and executed the license.

Sheridan–Johnson also contends that its reliance has made the license irrevocable, so that it is entitled to just compensation for a "taking" by the Commission. Sheridan–Johnson argues from its premise that the 1972 license, at least as it pertains to lands outside the sixty-six foot strip, is not a statutory license issued by authority of W.S.1957, § 1–791. This is simply wrong. There has been no showing that the license was issued by any other authority, or for reading the license as being statutory regarding some, but not all of the lands it covers.

■■■■ This cannot be a question of the taking of a property right created by reasonable reliance precisely because the 1972 license, which applies to all of the Commission property along Highway 14–16, was issued only by authority of W.S.1957, § 1–791. Our public way right-of-way statute reflects the common law, permitting utility facilities on the public way so long as they do not interfere with dominant rights of the traveling public. The license could not be relied on to provide any more right than the common law grants, which is no more than a right to some location in the public way, not to any specific location. *New Orleans Gaslight,* 197 U.S. at 461, 25 S.Ct. at 473, 49 L.Ed. at 835. Because Sheridan–Johnson could not rely in good faith on any more than this, nothing has been taken from it and there is no basis for a just compensation claim.

Consequently, we grant summary judgment for the Commission. Even if there is a question as to the meaning the parties intended by the term "existing right-of-way," it is not material under the Commission's motion. Barring a statute to the contrary, the common law places the expense of relocation on utilities, and any attempted waiver of this manifestation of the state's police power is invalid as a matter of law. Here the only relevant statute reflects the common law. The drafter of the license was without power to limit the state's authority to require relocation at the utility's expense.

■■■■ We will continue, as a matter of law, to apply common law principles unless the legislature directs otherwise. As a result, Sheridan–Johnson and other public utilities in Wyoming will continue to bear the expense of relocating their facilities from public roads when relocation is required in the interest of the traveling public. We emphasize that public utility facilities such as the power poles at issue are

located in the public way only by authority of licenses issued pursuant to W.S. 1–26–813 and its earlier codifications. Any facilities licensed under this statute are subject to the relocation requirements of the common law, regardless of what the license may say, or not say, concerning this subject. Only the legislature may shift the burden of relocation expenses to the state.

Reversed, with direction to enter summary judgment for the State Highway Commission of Wyoming.