ANDERSON HIGHWAY SIGNS AND
SUPPLY, INC., Appellant
(Defendant),

v.

Marion CLOSE and Rollie Close,
Appellees (Plaintiffs).

No. 98–334.

Supreme Court of Wyoming.

May 4, 2000. *

Representing Appellant: Daniel M. Fowler
of Fowler, Schimberg & Flanagan, P.C.,
Denver, CO. Argument by Mr. Fowler.

Representing Appellees: David G. Lewis,
Jackson, WY. Argument by Mr. Lewis.

Before LEHMAN, C.J., and THOMAS,
MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

The only question in this case is whether,
pursuant to Wyo. Stat. Ann. § 1–1–109
(amended 1986), a defendant found to be fifty
percent at fault is responsible for all or only
his proportionate share of damages in a case
in which the plaintiffs were found to be free
from negligence. The trial court concluded
that, in the absence of negligence by the
plaintiffs, the defendant was subject to the
joint and several liability rule. We are satis-
fied that joint and several liability has been
abrogated in Wyoming by statute in a simple
negligence case, and the trial court erred
when it refused to reduce the judgment
against appellant, Anderson Highway Signs
and Supply, Inc. (Anderson) and in favor of
appellees, Marian Close and Rollie Close (the
Closes). The judgment entered in the trial
court is reversed, and the court is instructed
to reduce the judgment against Anderson by
fifty percent as the statute requires.

### ISSUES

Appellant presents the following issue:

Did the trial court err as a matter of law
under the 1986 version of the comparative
fault statute, Wyo. Stat. § 1–1–109, when it

---

\* This case was originally assigned to Justice
Thomas on April 16, 1999, for the rendering of a
proffered majority opinion. This case was reas-
signed to Chief Justice Lehman on December 16,
1999. Chief Justice Lehman distributed a prof-
fered opinion to the court on April 5, 2000.

entered judgment against·Anderson Highway Signs and Supply, Inc. ("Anderson"), for 100% of Plaintiffs' damages, even though the jury determined that Anderson was only 50% at fault and that a non-party actor, Timothy Velton, was also 50% at fault?

Appellees respond with this statement of the issue:

Is the defendant jointly and severally liable for the injuries it inflicted on the appellees, Marian and Rollie Close [?]

### FACTS

On September 2, 1993, the Closes were driving through Carbon County on Interstate 80. While the Closes were passing through a road construction site, an Anderson crew member accidentally dropped an orange traffic cone which rolled in front of the Closes' vehicle. Mr. Close swerved and braked suddenly to avoid hitting the cone, and the Closes' vehicle was rear-ended by a vehicle driven by Timothy Velton. Both Mr. and Mrs. Close were injured. They filed a complaint against Anderson and ultimately proceeded to trial.

At trial, the Closes argued that, under the 1986 version of the comparative fault statute, Anderson would be jointly and severally liable for their total damages even if there was a non-party (Velton) also at fault for the accident. Anderson responded that joint and several liability had been eliminated and that it should only pay damages in proportion to its percentage of fault. The district court ruled that, if the jury found Mr. Close free from any negligence, Anderson would be liable for the entire amount of the Closes' damages. The issue presently before this court was preserved for appeal when the district court instructed the jury to determine the relative fault of Mr. Close, Anderson, and Velton. Because no evidence pointed to negligence on the part of Mrs. Close, her name was not included in this instruction. The jury found Mr. Close 0% at fault and apportioned the fault equally between Anderson and Velton. The jury awarded the Closes $99,031.51 in damages. On September 10, 1998, the court entered judgment against

Anderson for the full amount, plus interest and costs. Anderson appealed.

### DISCUSSION

The crux of this case is whether the trial court properly interpreted the 1986 statute by requiring Anderson to pay 100% of the Closes' damages, even though the jury determined Anderson to be only 50% at fault. The question is one of statutory interpretation. Statutory interpretation is a question of law; therefore, our standard of review is de novo. Cargill v. State, Dep't of Health, Div. of Health Care Financing, 967 P.2d 999, 1001 (Wyo.1998) (citing Parker Land and Cattle Co. v. Game and Fish Comm'n, 845 P.2d 1040, 1042 (Wyo.1993)). If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it. Parker Land and Cattle Co., 845 P.2d at 1042.

We first determine which version of the comparative fault statute controls this action. The 1986 version of the statute applies to all causes of action arising after its effective date, June 11, 1986. 1986 Wyo. Sess. Laws, ch. 24, §§ 3, 4; Halliburton Co. v. McAdams, Roux and Associates, Inc., 773 P.2d 153, 155 (Wyo.1989). The 1994 version of the statute applies to causes of action arising after its effective date, July 1, 1994. 1994 Wyo. Sess. Laws, ch. 98, §§ 2, 4. Because the Closes' accident occurred on September 2, 1993, the 1986 version of statute applies, if the comparative negligence statute applies at all.

The 1986 version of the comparative negligence statute provides:

§ 1–1–109   Comparative negligence.

(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

(b) The court may, and when requested by any party shall:

(i) If a jury trial:

(A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party; and

(B) Inform the jury of the consequences of its determination of the percentage of fault.

(ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party.

(c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of fault attributed to the person recovering and enter judgment against each defendant in the amount determined under subsection (d) of this section.

*(d) Each defendant is liable only for that portion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.*

Wyo. Stat. Ann. § 1–1–109 (Michie June 1988 Rpl.) (hereinafter 1986 statute) (emphasis added). Clearly, if this version of the statute controls, subsection (d) would mandate that the district court was incorrect in making Anderson pay for 100% of the damages suffered by the Closes when Anderson was only 50% at fault. However, the question remains whether this statute applies.

The Closes maintain the 1986 version of the comparative negligence statute applies only to situations where the plaintiff was contributorily negligent. They also contend that, because neither Mr. nor Mrs. Close was found to be contributorily negligent, the common law doctrine of joint and several liability allows them to recover 100% of their damages from Anderson. They cite to *Palmeno v. Cashen*, 627 P.2d 163 (Wyo.1981) and *Martinez v. City of Cheyenne*, 791 P.2d 949 (Wyo. 1990) to support both propositions. Anderson contends those cases are distinguishable because both applied the 1977 comparative fault statute.

We first look at *Palmeno*, where this court wrote: "[u]nder its own terms, § 1–1–109, *supra*, becomes operative in those cases only where the plaintiff is contributorily negligent. Where the plaintiff is found to have been free from negligence, the statute does not apply." 627 P.2d at 166. In that case, the 1977 statute[1] clearly applied, as Anderson correctly points out. *Id.* at 165–66.

Unlike *Palmeno*, however, *Martinez* is not as clear regarding which comparative negligence statute applied. In *Martinez*, 791 P.2d at 962–63, this court followed its ruling in *Palmeno*, writing:

This brings us to the two remaining questions with respect to whether reversible error was committed by the failure of the district court to include the Martinezes on the jury verdict form as actors for purposes of comparative negligence and by failing to give the proposed instruction of the State on comparative negligence. These two questions relate to the same topic and are resolved by the same rationale. The State's first contention is that § 1–1–109, W.S.1977, requires that Mr. and Mrs. Martinez be included on the jury form to provide a three-way consideration of comparable negligence among the State,

---

1. The 1977 statute, Wyo. Stat. Ann. § 1–1–109 (Michie 1977), provided:

§ 1–1–109 Comparative negligence.

(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence was not as great as the negligence of the person against whom recovery is sought. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

(b) The court may, and when requested by any party shall:

(i) If a jury trial, direct the jury to find separate special verdicts;

(ii) If a trial before the court without jury, make special findings of fact, determining the amount of damages and the percentage of negligence attributable to each party. The court shall then reduce the amount of such damages in proportion to the amount of negligence attributed to the person recovering;

(iii) Inform the jury of the consequences of its determination of the percentage of negligence.

the City, and Fleetwood. In pertinent part, § 1–1–109, W.S.1977, provides:

"(b) The court may, and when requested by any party, shall:

"(i) If a jury trial:

"(A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party; and . . . ."

The State's proposed jury instruction, which was refused, addresses this subject of comparative fault on the part of Fleetwood and then encompasses an additional instruction mandating no recovery if there is fifty percent or more negligence attributable to Fleetwood. This statute is limited to its invocation "in those cases only where the plaintiff is contributorily negligent." *Palmeno v. Cashen,* 627 P.2d 163, 166 (Wyo.1981). If the evidence does not disclose negligence on the part of the plaintiff, the statute does not apply. *Palmeno.* The district court ruled that there was no evidence of negligence on the part of Fleetwood that would justify its inclusion on the verdict form as an actor as to whom negligence could be attributed. Our examination of the record results in our reaching a similar conclusion and demonstrates that there was no error in the failure to give this instruction. Because Mr. and Mrs. Martinez were not negligent, the statute does not mandate their inclusion on the verdict form. It would have been inappropriate for the district court to give an instruction that was not sustained by the evidence. *See Hernandez v. Gilveli,* 626 P.2d 74 (Wyo.1981); *Beard v. Brown,* 616 P.2d 726 (Wyo.1980); *Edwards v. Harris,* 397 P.2d 87 (Wyo.1964). The State's attempt to distinguish *Palmeno* by pointing out that it was tried to a judge rather than to a jury is not effective. That distinction serves only to trigger separate sections of the statute, *see* § 1–1–109, W.S. 1977, but it does not make any difference in the result. The entire statute has no application if the evidence fails to disclose any negligence attributable to an actor, whether a party or not, that would justify the jury considering attributing negligence to that actor.

The *Martinez* case arose from an August 1, 1985 flood in Cheyenne. Under *Halliburton,* 773 P.2d at 155, it appears the 1977 statute would control. However, close analysis of *Martinez* reveals this court applied the 1986 statute. First, the quoted language in the above excerpt is clearly taken from the 1986 statute; the 1977 statute did not include a subsection (b)(i)(A). In addition, the opinion refers to the 50% contributory negligence provision, a provision not present in the 1977 statute, but present in the 1986 statute. Thus, we must conclude the *Martinez* court applied the 1986 statute. The matter of import is that *Martinez* applied the 1986 statute, not whether the application of that statute was appropriate under the facts of the case. Regardless, this does not resolve the joint and several liability issue presented in this case.

The Closes contend *Martinez* supports its argument that the entire comparative negligence statute, including the joint and several liability provisions, does not apply when a plaintiff is not at fault. However, another careful reading of *Martinez,* as well as an examination of the development of the doctrine of joint and several liability, causes us to reject this argument. In *Martinez,* the jury, in response to a question requiring allocation of negligence, concluded the State was 100% at fault and the City of Cheyenne 0% at fault. 791 P.2d at 953. If, as Close contends, the entire statute does not apply when a plaintiff is free of negligence, the specific allocation of the percentage of negligence would not have been necessary in *Martinez.* Moreover, we emphasized in *Martinez* that "the State is responsible only for the damage that is the proximate result of its negligence." 791 P.2d at 960. Thus, we read *Martinez* as interpreting the 1986 comparative negligence statute such that subsections (b), (c), and (d) stand alone while at the same time applying the *Palmeno* rule to the effect that subsection (a) applies only if the claimant can be found to be contributorily negligent.

This conclusion finds further support in the development of the law of joint and sev-

eral liability. Under the 1977 comparative negligence scheme, even when the plaintiff was not found to be contributorily negligent, a joint tortfeasor could sue for contribution against other tortfeasors. The statute was amended in 1986. In the preamble to those amendments, it is indicated the statute was

> eliminating the doctrine of joint and several liability among joint tortfeasors; [and] providing that each defendant is liable only to the extent of his percentage of fault as compared to all other actors whether or not parties to the action....

1986 Wyo. Sess. Laws, ch. 24. Our discussion in *Haderlie v. Sondgeroth,* 866 P.2d 703, 708 (Wyo.1993) underscores this point. There, this court, applying the 1986 statute, recognized the effect of the legislature's decision to abolish "joint and several liability by amending W.S. 1–1–109 to provide that a party at fault be required to pay for only his proportionate share of the fault ..." 866 P.2d at 708. We also wrote: "[w]ith the amendment of W.S. 1–1–109(d), W.S. 1–1–110(b) providing for contribution was repealed and for good reason, for after joint and several liability was abolished, no tortfeasor would ever pay more than his proportionate share of a judgment." *Id.* *See also Coryell v. Town of Pinedale,* 745 P.2d 883, 885 (Wyo.1987) (acknowledging that "the rule of joint and several liability was abolished by the legislature in 1986.") Given the abolishment of joint and several liability, we do not believe the legislature intended the dichotomy reached by the district court: that a non-negligent plaintiff is entitled to application of the rule of joint and several liability while a plaintiff at fault as little as 1% is not. We conclude that subsection (d) of the 1986 statute controls the joint and several liability issue in this case.

■ Our analysis would be incomplete if it did not address subsequent changes to the comparative negligence (now comparative fault) statute. The Closes argue that the 1994 amendments to § 1–1–109 clearly indicate that statute applies when the claimant is free of contributory negligence.[2] Indeed, subsection (c) indicates the statute will apply "[w]hether or not the claimant is free of fault." Thus, they argue the 1994 amendments must be read as a substantive change to the 1986 statute and the 1986 statute should, therefore, be read to uphold the district court's action. *See Department of Revenue and Taxation v. Irvine,* 589 P.2d 1295, 1300 (Wyo.1979). First, not every amendment to a statute must be interpreted as a substantive change in the law. *Romero v. Hoppal,* 855 P.2d 366, 369 (Wyo.1993) ("'where, in the enactment of a law, the legislature employs in a subsequent clause of the same act or in later legislation on the same subject language clarifying a doubtful expression theretofore used, the court should give that language the meaning the legislature intended.'" quoting *State Bd. of Equalization v. Stanolind Oil & Gas Co.,* 54 Wyo. 521, 540, 94 P.2d 147, 153 (1939)); *Matter of North Laramie Land Co.,* 605 P.2d 367, 373 (Wyo.1980). More importantly, we have concluded that *Martinez* interpreted the 1986

2. The 1994 version, Wyo. Stat. Ann. § 1–1–109 (Lexis 1999), provides in pertinent part:

> (b) Contributory fault shall not bar a recovery in an action by any claimant or the claimant's legal representative to recover damages for wrongful death or injury to person or property, if the contributory fault of the claimant is not more than fifty percent (50%) of the total fault of all actors. Any damages allowed shall be diminished in proportion to the amount of fault attributed to the claimant.
> (c) Whether or not the claimant is free of fault, the court shall:
> (i) If a jury trial:
> (A) Direct the jury to determine the total amount of damages sustained by the claimant without regard to the percentage of fault attributed to the claimant, and the percentage of fault attributable to each actor; and
> (B) Inform the jury of the consequences of its determination of the percentage of fault.
> (ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages sustained by the claimant without regard to the percentage of fault attributed to the claimant, and the percentage of fault attributable to each actor.
> (d) The court shall reduce the amount of damages determined under subsection (c) of this section in proportion to the percentage of fault attributed to the claimant and enter judgment against each defendant in the amount determined under subsection (e) of this section.
> (e) Each defendant is liable only to the extent of that defendant's proportion of the total fault determined under paragraph (c)(i) or (ii) of this section.

statute in a manner consistent with the 1994 amendments. Therefore, we interpret the 1994 amendments as a clarification embodying our interpretation of the 1986 statute as found in *Martinez*.

## CONCLUSION

Applying Wyo. Stat. Ann. § 1–1–109(d), it is clear the district court erred in assigning to Anderson the obligation of paying 100% of the Closes' damages. The plain and unambiguous language of the statute dictates that Anderson is only responsible for 50% of the damages, in proportion to its percentage of fault. We reverse the judgment and remand for entry of judgment in accordance with this opinion.